[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was referred to arbitration pursuant to Practice Book § 546N. Because the court appointed arbitrators who were engaged in other business, and because the defendant was present and in court, having travelled from her home in Texas, the undersigned agreed to hear this matter in the capacity of arbitrator. The parties agreed and waived any qualification that the undersigned may have sitting as an arbitrator. The decision of the undersigned is subject to the rights of either party pursuant to § 546S of the Practice Book in connection with a timely claim for a trial de novo.
This matter was heard on September 22, 1994, and was concluded on the same date. The plaintiff brings this action for injuries sustained in an automobile accident on January 29, CT Page 10160 1991. The plaintiff claims that he exited a private drive and entered Thomaston Avenue northbound, stopped for a vehicle emerging into his lane of travel and was hit from behind by the vehicle operated by the defendant, Rebecca Nevers-Hinsch. The defendant claims that the plaintiff entered her lane of travel, almost causing a collision with her, and then suddenly stopped in the middle of her lane of travel, which caused her vehicle to collide with the plaintiff's. The defendant called as a witness on her behalf the investigating police officer, Mr. Grady, who testified that at first, the plaintiff related to him that a vehicle emerging from a private drive necessitated his sudden stop, and then later admitted to him that he, in fact, gave the defendant a "brake job". The police officer also testified that he asked the plaintiff to be seated in his police vehicle and before the plaintiff entered that vehicle, the police officer did pat down the plaintiff. The court does not accept the explanation of the officer that placing the plaintiff in the police vehicle was in any way necessary or in accordance with established police procedures. The court does accept the plaintiff's version that he was intimidated by the police officer who suggested that the cause of the accident was a "brake job".
The court does find that there is comparative negligence on the part of both operators. The court did believe the defendant's version of the incident that the plaintiff did "cut her off" when entering her lane of travel and then abruptly stopped. In spite of the plaintiff's actions, however, the court finds that the defendant was negligent in not keeping her car under such control as to avoid the collision. The court assesses the negligence of the respective parties as follows: the plaintiff 40%; the defendant 60%. The court finds the following damages as fair, just and reasonable: economic damages of $3,299.44; non-economic damages of $3,000.00. The court does accept the medical opinion of Dr. Sterling as related in his report of February 11, 1994, that there was no objective finding of permanent disability. The court therefore finds that the plaintiff is entitled to damages in the amount of $3,779.66.
/s/ Pellegrino, J. PELLEGRINO CT Page 10161